*702 OPINION.
Maequette :
Under section 200 of the Revenue Act of 1918, a personal service corporation is one “ whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists either (1) of gains, profits or income derived from trading as a principal * *
The necessity for the concurrence of the statutory elements above set forth to entitle a corporation to personal service classification has been so often discussed by the Board that we believe nothing would be gained by repetition in this instance. Appeal of Bryant & Stratton Commercial School, Inc., 1 B. T. A. 32; Appeal of Scheffler Hair Colorine Co., 1 B. T. A. 61; Appeal of Cliver-Wright-Rainey Co., 2 B. T. A. 561. Determination of the classification depends in each instance on an issue of fact. Appeals of Scheffler Hair Colorine Co and Cliver-Wright-Rainey Co., supra.
This petitioner contends that in the main its business was that of a commission merchant, that the jobbing was purely incidental and, referring to the box toes, was largely forced upon it by trade conditions. To a considerable extent our findings evidence these contentions to be facts. But we have held in Appeal of Seaboard Mills, Inc., 5 B. T. A. 575, citing Matteson Co. v. Willcuts, 12 Fed. (2d) 447, that it was not the intention of Congress to grant corporations personal service classification when capital is found to have produced during the year a substantial amount of income, and further, that the *703 fact that capital was employed only in incidental activities of the corporation does not affect this viewpoint.
We believe that in the jobbing operations of the petitioner capital was a material income-producing factor, that it produced a substantial por tion of the petitioner’s income during the years involved in this appeal and, therefore, that the petitioner is not entitled to personal service classification.

Judgment will be entered for the resfondent.